IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 16-11730-A

In re: STONEY LESTER,

                                                                Petitioner.

Application for Leave to File a Second or Successive
Motion to Vacate, Set Aside,
or Correct Sentence, 28 U.S.C. § 2255(h)

Before WILLIAM PRYOR, ROSENBAUM, and JILL PRYOR, Circuit Judges.

Stoney Lester seeks authorization to file a second or successive 28 U.S.C. § 2255 motion. He may file such a motion only if it is "certified as provided . . . by a panel of the appropriate court of appeals to contain" either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." *Id.* § 2244(b)(3)(C). Here, Mr. Lester's application invokes § 2255(h)(2), relying on the rule announced in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

On August 18, 2003, Mr. Lester pled guilty to possession with intent to distribute more than five grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) and 18 U.S.C. § 2. **[Doc. 59.]** On June 10, 2004, the sentencing court determined that Mr. Lester qualified as a career offender under United States Sentencing Guidelines Manual § 4B1.1 and sentenced him to 262 months' imprisonment.  **[Doc. 95.]**  The sentencing court's career-offender determination was based, in part, on its conclusion that Mr. Lester's non-violent walkaway escape qualified as a "crime of violence" under the residual clause of U.S.S.G. § 4B1.2(a). **[App. Doc. 7.]**

When the district court sentenced Mr. Lester in 2004, the guidelines were "mandatory and binding on all judges." *United States v. Booker*, 543 U.S. 220, 233 (2005). "Because they [were] binding on judges, . . . the Guidelines ha[d] the force and effect of laws." *Id.* at 234; *see also id.* at 237 ("[T]he fact that the Guidelines were promulgated by the Sentencing Commission, rather than Congress, lacks constitutional significance."). In *Booker*, the Supreme Court held

2

that mandatory application of the Sentencing Guidelines violated the Sixth Amendment right to a trial by jury. *Id.* at 243-44. From that time onward, the guidelines have been merely advisory for sentencing courts.

Mr. Lester alleges that, due to the application of the career offender enhancement, his potential sentencing range under the then-mandatory guidelines was increased from a maximum of 151 months' imprisonment to a minimum of 262 months' imprisonment. [*Id.*] In his application, Mr. Lester argues that his sentence is no longer valid following the Supreme Court's decision in *Johnson*.

In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA")—the phrase "involves conduct that presents a serious potential risk of physical injury to another"—was unconstitutionally vague. 135 S. Ct. 2551. The rule announced in *Johnson* applies retroactively on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1258 (2016).

After *Johnson* was decided, but before *Welch*, a panel of this Court held that *Johnson* was not retroactively applicable to inmates sentenced under the career offender guideline. *See In re Rivero*, 797 F.3d 986 (11th Cir. 2015). *Rivero* held that, although *Johnson* announced a new substantive rule of constitutional law, it was not retroactively applicable on collateral review within the meaning of § 2255(h) because "no combination of holdings of the Supreme Court necessarily dictate[d]" it retroactive, *see Tyler v. Cain*, 533 U.S. 656 (2001), and because

3

*Johnson* was not the type of ruling that the Supreme Court contemplated as being retroactive in *Teague v. Lane*, 489 U.S. 288 (1989).[1] *Rivero*, 797 F.3d at 989 (internal quotation marks omitted). Alternatively, the panel held that the rule announced in *Johnson* could not apply retroactively to Mr. Rivero, an inmate sentenced under the career offender guideline, because "[t]he Supreme Court has never held that the Sentencing Guidelines are subject to a vagueness challenge." *Id.* at 991. Mr. Rivero, like Mr. Lester, was sentenced as a career offender when the guidelines were mandatory.

Under our prior panel precedent rule, we are bound to follow *Rivero*'s holding "unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting en banc." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). "While an intervening decision of the Supreme Court can overrule the decision of a prior panel of our court, the Supreme Court decision must be clearly on point." *Id.* (internal quotation marks omitted). In *Archer*, we considered the impact of *Begay v. United States*, 553 U.S. 137 (2008)—in which the Supreme Court concluded that the offense of driving under

---

[1] In *Teague v. Lane*, the Supreme Court decided that "new constitutional rules of criminal procedure will not be applicable to cases on collateral review." 489 U.S. at 310. But the Court carved out constitutional rules that are exempt from nonretroactivity, including new rules that "place certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe." *Id.* at 307. These include rules that "necessarily carry a significant risk that a defendant . . . faces a punishment that the law cannot impose upon him." *Schriro v. Summerlin*, 542 U.S. 348, 352 (2004). The Supreme Court deems these rules "substantive," rather than "procedural." *Id.* at 351-52.

4

the influence is not a "violent felony" within the meaning of the ACCA—on Mr. Archer's prior Florida conviction for carrying a concealed weapon. *Archer*, 531 F.3d at 1348-49. We previously had upheld Mr. Archer's career offender enhanced sentence based on binding precedent holding that a conviction for carrying a concealed weapon constituted a crime of violence. *Id.* at 1349. But we acknowledged in *Archer* that our previous analysis for determining what offenses qualify as violent felonies was in direct conflict with *Begay*'s reasoning. *Id.* at 1352. Even though *Begay* concerned a different crime (drunk driving) than our precedent had discussed (unlawfully carrying a concealed weapon) and concerned the ACCA rather than the career offender guideline, "*Begay* remain[ed] 'clearly on point.'" *Id.* We therefore concluded that our prior panel precedent had been undermined to the point of abrogation and that we were "bound to follow this new rule of law." *Id.*

Under this same analysis, *Rivero*'s alternative holding may have been undermined to the point of abrogation by intervening Supreme Court precedent. Of course, at this stage, "[w]e do not hear from the government," the applicant lacks a meaningful opportunity to brief the merits of his case, we have no record, and we "do not have the time necessary to decide anything beyond the prima facie question" because § 2244(b)(3)(D) instructs us to render a decision on Lester's application within 30 days. *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1358

5

(11th Cir. 2007). Recognizing these constraints, and for the reasons that follow, we conclude that Mr. Lester has made a prima facie showing that his application "contain[s] . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h).

Five months after *Rivero* was decided, the Supreme Court handed down a retroactivity decision in *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016). At issue in *Montgomery* was the retroactive applicability of the rule announced in *Miller v. Alabama*, 132 S. Ct. 2455 (2012), which prohibited on Eighth Amendment grounds the imposition of a mandatory life-without-parole sentence for juvenile offenders. The state of Louisiana argued that *Miller* "mandates only that a sentence follow a certain process—considering an offender's youth and attendant characteristics—before imposing a particular penalty" and so "*Miller* is procedural [and not retroactive] because it did not place any punishment beyond the State's power to impose." *Montgomery*, 136 S. Ct. at 734. The Court in *Montgomery* rejected this argument, saying it "conflates a procedural requirement necessary to implement a substantive guarantee with a rule that regulates only the manner of determining the defendant's culpability." *Id.* at 734-35. The Court held that the *Miller* rule was substantive in nature, rather than procedural, because "it rendered life without parole an unconstitutional penalty for 'a class of defendants because of their status'—that is, juvenile offenders whose crimes reflect the transient immaturity of

6

youth." *Id.* at 733 (quoting *Penry v. Lynaugh*, 492 U.S. 302, 330 (1989)). Because the *Miller* rule was substantive, it necessarily was retroactive, the Court explained, because "courts must give retroactive effect to new substantive rules of constitutional law." *Id.* at 728; *see also id.* ("It is undisputed . . . that *Teague* requires the retroactive application of new substantive . . . rules in federal proceedings.").

In *Welch*, decided three months after *Montgomery*, the Supreme Court applied these principles to the rule announced in *Johnson*, holding that *Johnson*'s rule was substantive and must be given retroactive effect. *See* 136 S. Ct. at 1264-66. Together, *Montgomery* and *Welch* abrogated the *Rivero* panel's holding that *Johnson* was not retroactively applicable because the Supreme Court had not made it so and it was not the type of rule that should be given retroactive effect. *Cf. In re Robinson*, No. 16-11304, 2016 WL 1583616, at 1 (11th Cir. Apr. 19, 2016) (noting that *In re Franks*, 815 F.3d 1281 (11th Cir. 2016), which followed *Rivero* in holding that *Johnson*'s rule is not retroactive, "is no longer good law" in light of *Welch*).

Our Court has not decided whether the *Rivero* panel's alternative holding—that the rule announced in *Johnson* cannot apply to inmates sentenced under the then-mandatory career offender guideline because the Supreme Court has never held that the vagueness doctrine applies to the guidelines—remains viable in light

7

of *Montgomery* and *Welch*. But considering that an enhancement to a sentence under the mandatory career offender guideline is just as binding on a district court as one imposed under the ACCA, *see Booker*, 543 U.S. at 233, 237, it is, at the very least, debatable among reasonable jurists whether the holdings in *Montgomery* and *Welch* undermine this holding. *See Archer*, 531 F.3d at 1352 (explaining that, although *Begay* concerned different facts, it "remain[ed] clearly on point" because it directly conflicted with our prior caselaw's analysis). Thus, Mr. Lester has made a sufficient showing that *Rivero*'s alternative holding may have been abrogated by recent Supreme Court decisions, and thus, he may be entitled to relief under *Johnson*.

Whether *Rivero*'s holding merely is called into question by *Montgomery* and *Welch*, or whether it was "undermined to the point of abrogation" by those cases, is an important question on which the district court, and our court in turn, would benefit from the parties' full briefing. *Archer*, 531 F.3d at 1352. Our ruling today in no way binds the district court, which must decide the question "fresh, or in the legal vernacular, *de novo*." *In re Moss*, 703 F.3d 1301, 1303 (11th Cir. 2013). At this stage, all we decide is that Mr. Lester has made a prima facie showing that his motion "contain[s] . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h). We therefore grant Mr. Lester leave to file a new § 2255 motion.

**APPLICATION GRANTED.**

WILLIAM PRYOR, Circuit Judge, concurring in result only:

I concur in the decision to grant Stoney Lester's application to file a successive to motion to vacate on the ground that he has made a prima facie showing that he is entitled to relief and that the district court, with the assistance of adversarial briefing, must address the merits in the first instance. But I write separately to express my view that Lester is likely not entitled to relief.

"[T]he Supreme Court is the only entity that can 'ma[k]e' a new rule retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001) (second alteration in original) (quoting 28 U.S.C. § 2255(h)(2)). And it must do so "unequivocally, in the form of a holding." *In re Anderson*, 396 F.3d 1336, 1339 (11th Cir. 2005). It "does not make a rule retroactive through *dictum* or through multiple holdings, unless those holdings 'necessarily dictate retroactivity of the new rule.'" *Id.* (quoting *Tyler*, 553 U.S. at 666). For the decision in *Johnson* to be retroactive as applied to the mandatory sentencing guideline, the Supreme Court must have held that *Johnson* invalidated the residual clause of the career-offender guideline and that a decision invalidating a mandatory sentencing guideline is retroactive on collateral review. But the Supreme Court has done neither.

The Supreme Court has never held that the decision in *Johnson* applies to the career-offender guideline. *Johnson* held that the residual clause of the Armed Career Criminal Act was unconstitutionally vague in violation of the Due Process

10

Clause of the Fifth Amendment. *See Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015). But the Supreme Court has never held that the vagueness doctrine applies to the mandatory sentencing guidelines. And *Peugh* did not *hold* that the vagueness doctrine applies to the sentencing guidelines. It held the Ex Post Facto Clause applies to sentencing guidelines. *See generally Peugh v. United States*, 133 S. Ct. 2072 (2013). As then–Judge Sotomayor explained, although "the vagueness doctrine is 'related' to the rule of lenity and the *ex post facto* doctrine, because all concern fair notice," "they are not necessarily identical in scope." *Sash v. Zenk*, 439 F.3d 61, 65 (2d Cir. 2006). Because no holding or series of holdings *necessarily dictates* that *Johnson* invalidated the residual clause of the career-offender guideline, Lester's motion is likely futile.

The Supreme Court has never held that a decision invalidating a mandatory sentencing guideline is retroactive on collateral review. A new rule of constitutional law is retroactive if it is substantive or if it is a watershed rule of criminal procedure. *See Welch v. United States*, 136 S. Ct. 1257, 1264 (2016). The government argues that the guidelines are procedural because they do not "alter the statutory boundaries for sentencing set by Congress for the crime," but instead "produce changes in how the sentencing process is to be conducted." And "[a] decision that strikes down a procedural statute . . . would itself be a procedural decision." *Id.* at 1268. After all, even *United States v. Booker*, 543 U.S. 220

(2005), was a new procedural rule that was not retroactive. *See Varela v. United States*, 400 F.3d 864, 867 (11th Cir. 2005). Although we express no view on the merits of the government's argument that *Johnson* is procedural as applied to the mandatory guidelines, no decision of the Supreme Court *necessarily dictates* that the government is wrong. Because the Supreme Court has never held that the mandatory sentencing guidelines are substantive rather than procedural rules, Lester's motion is likely futile. But the district court, with the benefit of adversarial briefing, must decide this issue in the first instance.

12

JILL PRYOR, Circuit Judge, concurring:

I concur fully in the order granting Mr. Lester leave to file a second 28 U.S.C. § 2255 motion. I write separately to explain why I believe he may be entitled to relief.

For second or successive § 2255 motions, a new rule of law is retroactive only if the Supreme Court has made it so. *Tyler v. Cain*, 533 U.S. 656, 662 (2001) (citing 28 U.S.C. § 2244(b)(2)(A)). A new rule of constitutional law can be made retroactive "not only through an express pronouncement of retroactivity, but also 'through multiple holdings that logically dictate the retroactivity of the new rule.'" *In re Holladay*, 331 F.3d 1169, 1172 (11th Cir. 2003) (quoting *Tyler*, 533 U.S. at 668 (O'Connor, J., concurring)). In my view, Mr. Lester may be entitled to relief based on a combination of Supreme Court holdings.

In *Johnson v. United States*, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") was so vague that it violated due process. 135 S. Ct. 2551, 2563 (2015). The text of that residual clause is identical in all respects to the residual clause of the career offender guideline, which was mandatory when Mr. Lester was sentenced under it. *See* U.S. Sentencing Comm'n, *News Release: U.S. Seeks Comment on Revisions to Definition of Crime of Violence*, at 1 (Aug. 7, 2015). We have interpreted the two clauses using "[p]recisely the same analytical framework." *United States v. Oliver*, 20 F.3d 415,

13

418 (11th Cir. 1994).

The distinction between the ACCA's residual clause and the residual clause under which Mr. Lester was sentenced is that Congress passed the ACCA and the Sentencing Commission promulgated the career offender guideline. But the Supreme Court has told us that because the mandatory guidelines were "binding on judges," they had "the force and effect of laws." *United States v. Booker*, 543 U.S. 220, 234 (2005). Thus, "the fact that the Guidelines were promulgated by the Sentencing Commission, rather than Congress, lacks constitutional significance." *Id.* at 237.

*Booker* tells us that the mandatory career offender residual clause must be given the same constitutional treatment as the ACCA's identical residual clause. It necessarily follows, then, that *Johnson*'s due process ruling applies with equal force to the mandatory career offender guideline. For purposes of the *Tyler v. Cain* retroactivity analysis, *Johnson* supplies us with a new rule of constitutional law. The only question is whether this rule has been made retroactive through multiple Supreme Court holdings. I believe it has.

In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that *Johnson*'s rule is retroactively applicable for persons sentenced under the ACCA's residual clause. *Welch*'s retroactivity holding was based in part on the Supreme Court's decision in *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016).

14

*Montgomery* instructs that the test for retroactivity is simply whether a new rule of constitutional law is substantive. If it is, then "courts must give [it] retroactive effect." *Id.* at 728 (citing *Teague v. Lane*, 489 U.S. 288 (1989)). In *Welch*, the Supreme Court held, with respect to the ACCA's residual clause, that the rule announced in *Johnson* was substantive and therefore retroactive. *Welch*, 136 S. Ct. at 1264-66.

*Montgomery* further informs us that the "if substantive, then retroactive" test is mandated by the Constitution: "[T]he Constitution requires substantive rules to have retroactive effect regardless of when a conviction became final." 136 S. Ct. at 729. *Welch*'s retroactivity holding therefore was constitutionally required. And because under *Booker* the mandatory guidelines must be treated the same for constitutional purposes as the ACCA, the Constitution requires that *Welch*'s retroactivity holding also be applied to the mandatory guidelines.[2]

The government argued in *Welch* that *Johnson*'s rule may be procedural rather than substantive as applied to the guidelines. But even aside from *Booker*, I see little logical appeal in treating the mandatory guidelines differently from the ACCA. The government distinguished the guidelines from the ACCA by asserting that *Johnson* "would not . . . alter the statutory boundaries for sentencing set by

---

[2] A panel of our court held in *In re Rivero*, 797 F.3d 986, 991 (11th Cir. 2015), that for *Johnson*'s rule to be retroactive as regards the career offender guideline the Supreme Court must also have held that the guidelines are subject to vagueness challenges. But I believe *Rivero*'s holding is undermined by the "if substantive, then retroactive" test of *Montgomery* and *Welch*.

Congress for the defendant's crime," Reply Brief for the United States at 9, *Welch v. United* States, No. 15-6418 (Mar. 23, 2016), emphasizing that the guidelines merely "serve as information that the judge must legally consider in imposing the sentence." Transcript of Oral Argument at 20, *Welch v. United States*, 136 S. Ct. 1257 (2016) (No. 15-6418) (counsel for the government arguing).  But the mandatory guidelines definitively did alter the statutory boundaries for sentencing, requiring a statutory minimum penalty above what otherwise would be a much lower maximum.  In Mr. Lester's case, rather than a maximum possible 151-month sentence, he was subject to a mandatory minimum of 262 months.[3]

For these reasons, I believe Mr. Lester may be entitled to relief under *Johnson*.  However, I fully agree that it is up to the district court to decide the merits of his motion.

---

[3] Nor would the existence of a "procedural component" of *Johnson*'s rule in the mandatory guidelines context necessarily mean that it is not substantive and retroactive. *Montgomery*, 136 S. Ct. at 734.  In *Montgomery*, the Supreme Court acknowledged that some juvenile offenders convicted of murder could still receive a sentence of life without parole upon resentencing.  *Id.* at 733-34.  This fact did not, however, make *Miller*'s rule procedural or otherwise take it outside the realm of retroactively applicable rules.  The same likely is true here: upon resentencing, a district court conceivably could vary from the applicable guidelines range and impose the same sentence on Mr. Lester.  But this procedural aspect of *Johnson*'s rule as applied to the mandatory guidelines does not transform it from substantive to procedural. *See Montgomery*, 136 S. Ct. at 734-35.